IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JOAN CICCHIELLO,

        Petitioner,

v.                                          Civil Action No. 3:23-CV-54
                                                (GROH)

WARDEN LOVETT,

        Respondent.

## REPORT AND RECOMMENDATION TO DENY AS MOOT PETITION FOR HABEAS CORPUS RELIEF

### I.    INTRODUCTION

On December 13, 2022, the *pro se* Petitioner, a federal inmate who was formerly incarcerated[1] at SFF Hazelton, in Bruceton Mills, West Virginia, filed the above-styled habeas corpus action pursuant to 28 U.S.C. § 2241, in the Middle District of Pennsylvania. ECF No. 1.[2] As relief, Petitioner seeks an order which grants her immediate release. ECF No. 1 at 8.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the District Court deny as moot and dismiss the petition for habeas corpus with prejudice.

---

[1] According to the Federal Bureau of Prisons' inmate locator, Petitioner's was released on July 12, 2023. https://www.bop.gov/inmateloc/.

[2] ECF Numbers cited herein refer to case number 3:23-CV-54 unless otherwise noted.

## II. PROCECURAL HISTORY

### A. Conviction and Sentence in the Middle District of Pennsylvania[3]

On October 20, 2016, a superseding indictment was returned in the Middle District of Pennsylvania, case number 1:15-CR-223, which charged Petitioner with one count of Health Care Fraud, 37 counts of False Writings Related to a Health Care Matter, and obstruction of a federal audit, all in violation of 18 U.S.C. §§ 1035(a)(2), 1347, 1516, and 2. ECF No. 46. On September 28, 2017,[4] Petitioner entered a guilty plea pursuant to a written agreement to Count 1 of the indictment, with an agreement that: the intended loss was $352,540.00, and the actual loss was $151,122.17[5]; the offense involved 10 or more victims; Petitioner was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; Petitioner abused a position of public or private trust; Petitioner willfully obstructed or impeded the administration of justice; and Petitioner agreed to pay a fine of $150,000.00. ECF No. 98 at 1, 8 – 9. Petitioner entered her guilty plea on October 5, 2017. ECF Nos. 77, 78. On May 9, 2018, Petitioner was sentenced to 72 months of incarceration, followed by three years of supervised release. ECF No. 96.

### B. Appeal to the Court of Appeals for the Third Circuit

Pursuant to Paragraph 37 of her Plea Agreement, the Petitioner waived her right

---

[3] All CM/ECF references in Sections II.A., II.B., and II.C., unless otherwise noted, refer to entries in the docket of Criminal Action No. 1:15-CR-223, from the Middle District of Pennsylvania, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[4] Petitioner signed the Plea Agreement on September 27, 2017, but the document was not filed with the Court until September 28, 2017. ECF No. 74.

[5] Petitioner agreed to make full restitution for this amount under paragraph 21 of the Plea Agreement. ECF No. 74 at 23.

to appeal her conviction. ECF No. 74 at 33. Accordingly, she did not file an appeal in the Third Circuit Court of Appeals.

### C. Motion to Vacate, Set Aside, or Correct Sentence Under § 2255

On March 7, 2019, the Petitioner filed a motion[6] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. ECF No. 110. The Petitioner filed a motion for a hearing on her motion to vacate on April 8, 2019. ECF No. 112. By order and memorandum opinion entered March 11, 2021, the motion to vacate and for a hearing were denied and dismissed by the district court. ECF Nos. 155, 156.

### D. Instant Habeas Corpus Proceedings

On December 13, 2022, Petitioner filed a petition and exhibits for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the Middle District of Pennsylvania. ECF Nos. 1, 1-1 through 1-3. The petition alleges that Petitioner's sentence was improperly calculated by the BOP in contravention of the order of the sentencing court, and that her credits under the First Step Act (FSA) were not properly credited toward her sentence. ECF No. 1 at 5 – 6. Petitioner further alleges that her conditions of confinement constituted cruel and unusual punishment. Id. at 6 – 7. Further, Petitioner contends that she exhausted her administrative remedies, but her BP-10 was denied. Id. at 7 – 8. As relief, Petitioner requests that the Court order her immediate release from BOP custody. Id. at 8.

On May 26, 2023, Respondent filed a motion to dismiss and a memorandum and exhibits in support thereof. ECF Nos. 45, 46, 46-1 through 46-9. Respondent contends that: (1) Petitioner failed to exhaust her administrative remedies [ECF No. 46 at 3, 6 – 9]; (2) the BOP correctly calculated the Petitioner's sentence, with a projected release date

---

[6] The motion was also assigned civil action number 1:19-CV-415.

of July 12, 2023 [Id. at 9 – 11]; (3) the Petitioner has received all First Step Act credits to which she is entitled, including 208 programming days from December 21, 2018, through July 17, 2019,[7] but not the 71 programming days while she was in inmate financial responsibility (FRP) refuse status from November 27, 2019, through February 6, 2020 [Id. at 11 – 13.

Petitioner then filed a response in opposition to the motion to dismiss on June 15, 2023. ECF No. 53. Therein, Petitioner again requested immediate release. Id.

Respondent filed a reply on June 28, 2023. ECF No. 55.

### III.  LEGAL STANDARD

#### A.  Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.  Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines

---

[7] Respondent argues that "Petitioner's request for Time Credits from December 21, 2018 through July 17, 2019 is moot, as the Time Credits were applied appropriately through her first two assessments (December 21, 2018 through January 18, 2019, and January 18, 2019, through July 17, 2019)." ECF No. 46 at 13.

4

v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief Including Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

incarcerated. "As we noted in O'Brien [v. Moore, 395 F.3d 499, 505 (4th Cir. 2005)], the 'essence of habeas corpus is an attack by a person in custody upon the legality of that custody' and 'the traditional function of the writ is to secure release from illegal custody.'" Obando-Segura v. Garland, 999 F.3d 190, 194 (4th Cir. 2021), quoting Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Accordingly, a petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser, 411 U.S. at 498 – 499. "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation

6

in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a

7

plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon

8

mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id.  The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968).  See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

### IV. ANALYSIS

"As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite." United

9

Pub. Workers of Am. (C.I.O.) v. Mitchell, 330 U.S. 75, 89, 67 S. Ct. 556, 564 (1947) (Internal citations omitted). Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies. "Article III's 'case or controversy' requirement prevents federal courts from deciding cases that are moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996) (citing Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 394 n. 3 (1964).

Therefore, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormick, 395 U.S. 486, 496, 89 S.Ct. 1944 (1969). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) (citing United States Parole Commission v. Geraghty, 445 U.S. 388, 397, 100 S.Ct. 1202, 1209 (1980) (The interest required of a litigant to maintain a claim under the mootness doctrine is the same as that required to attain standing)).

In filing her petition, it is clear that the Petitioner's ultimate goal was be released from the custody of the BOP sooner than the projected satisfaction date of July 12, 2023. ECF No. 1 at 8. The Respondent's memorandum in support of the motion to dismiss, or for summary judgment represented that Petitioner's projected release date was July 12, 2023. ECF Nos. 46 at 3, 11; 46-1 at 3. The BOP website indicates that consistent with Respondent's representations, Petitioner was released from the custody of the BOP on July 12, 2023. Accordingly, even if the Petitioner had properly exhausted her administrative remedies, and otherwise advanced a colorable argument that she was

10

entitled to additional FSA time credits, and thus earlier release, there is no relief[9] which this Court can provide in light of her release, and the case is now moot.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition for habeas corpus [ECF No. 1] filed on December 13, 2022, and transferred to this jurisdiction on February 28, 2023, be denied and dismissed with prejudice, and that Respondent's motion to dismiss filed on May 26, 2023 [ECF No. 45] be **GRANTED**.

It is further **RECOMMENDED** that Petitioner's pending motions [ECF Nos. 39, 41, 42] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

---

[9] The undersigned notes that Petitioner complaints about the conditions of her confinement are not appropriately addressed in a habeas corpus proceeding. Further, even if this Court could address those matters, the issues are now moot based upon Petitioner's release from custody.

11

v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record by electronic means.

DATED: September 5, 2023

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE